## GAYLE & RIGGS vs. BANCROFT'S ADM'R.

1. A motion to quash a bond given for the trial of the right of property, made by some of the obligors, is addressed to the discretion of the court, and its refusal to quash is not revisable on error.

ERROR to the Circuit Court of Mobile.

Tried before the Hon. LYMAN GIBBONS.

This was a motion by the plaintiffs in error to quash a bond given for the trial of the right of property, in a claim suit between the defendant in error and Richard W. Gayle as claimant.

The court refused the motion, and its refusal is now assigned for error.

HOPKINS & JONES, for plaintiffs in error.

C. W. RAPIER, *contra*.

PHELAN, J.—This was a motion by John Gayle and Daniel M. Riggs, to quash a bond for the trial of the right of property, made by A. J. Gayle, John Gayle and Daniel M. Riggs, upon a claim made on oath by A. J. Gayle, as agent of Richard W. Gayle, to certain slaves levied on as the property of Billups Gayle, by virtue of an execution in favor of George Bancroft against Billups Gayle and Wm. Bower, copartners, and Duke Goodman, their security on a writ of error bond, after the property had been found subject, in a trial between Richard W. Gayle and the administrator of George Bancroft.

The form and structure of the affidavit, execution, endorsement on the execution, and the bond, on which the motion was predicated in this case, will be found by referring to the report of the case of Richard W. Gayle v. Bancroft, Adm'r, decided at this term.

Even if we were of opinion, that the bond in this case is so defective that no valid execution could issue thereon against the obligors, should it in proper time be returned "forfeited," we should not feel authorized to review the decision of the court below refusing this motion to quash; because it was at this stage of the proceeding a motion clearly addressed to the discretion of the court. If plaintiff has execution issued against the obligors in the bond, it will then be ready for definitive action. He may never do so. He may prefer to sue on it as a common law bond; and his right to do this should not be abridged by a judgment to quash, which ought never to be granted, except in a very clear case, were the defects are so radical and apparent as to make the bond a nullity. 3 Stew., Johnson v. Wren; Anderson v. Rhea, 7 Ala.

We decline to express any opinion on the sufficiency of this bond, as the basis of either an execution or action of debt.

42

The judgment of the court was not final, and therefore not revisable by writ of error. The writ in this case must, consequently, be dismissed.